IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISON

| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDON LEE NALLEY | DOCKET NO. 1:22-CR-93-MR-WCM<br><br>UNDER SEAL    FILED<br>Asheville, NC<br><br>BILL OF INDICTMENT DEC 0 6 2022<br><br>Violations:  Clerk, US District Court<br>18 U.S.C. § 2  Western District of NC<br>18 U.S.C. § 924(c)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 846 |
|---|---|

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>

From as early as July 2021 through December 22, 2021, in Buncombe, Jackson, Haywood, and Henderson Counties, within the Western District of North Carolina and elsewhere, the defendant,

**BRANDON LEE NALLEY,**

did knowingly and intentionally conspire and agree with other persons, known and unknown to the Grand Jury, to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and methamphetamine (actual), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

<u>Quantity of Methamphetamine (Actual) Involved in Count One</u>

It is further alleged that, with respect to the offense charged in Count One, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, is attributable to, and was reasonably foreseeable by the defendant, **BRANDON LEE NALLEY**.

1

Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to, **BRANDON LEE NALLEY**.

Quantity of Mixture and Substance Containing Methamphetamine Involved in Count One

It is further alleged that, with respect to the offense charged in Count One, five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, is attributable to, and was reasonably foreseeable by the defendant, **BRANDON LEE NALLEY**.

Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to, **BRANDON LEE NALLEY**.

## COUNT TWO

On or about November 8, 2021, in Henderson County, within the Western District of North Carolina and elsewhere, the defendant,

**BRANDON LEE NALLEY,**

did knowingly and intentionally distribute a controlled substance, that is, five (5) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT THREE

On or about November 14, 2021, in Henderson County, within the Western District of North Carolina and elsewhere, the defendant,

**BRANDON LEE NALLEY,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about November 17, 2021, in Henderson County, within the Western District of North Carolina and elsewhere, the defendant,

**BRANDON LEE NALLEY,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, five (5) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT FIVE

On or about November 22, 2021, in Henderson County, within the Western District of North Carolina and elsewhere, the defendant,

**BRANDON LEE NALLEY,**

did knowingly and intentionally distribute a controlled substance, that is, five (5) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT SIX

On or about November 23, 2021, in Henderson County, within the Western District of North Carolina and elsewhere, the defendant,

**BRANDON LEE NALLEY,**

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SEVEN

On or about December 22, 2021, in Haywood County, within the Western District of North Carolina and elsewhere, the defendant,

**BRANDON LEE NALLEY,**

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT EIGHT

On or about December 22, 2021, in Haywood County, within the Western District of North Carolina and elsewhere, the defendant,

**BRANDON LEE NALLEY,**

did knowingly and unlawfully possess one or more firearms in furtherance of a drug trafficking crime, that is, possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841, as charged in Count Seven of this Bill of Indictment, for which the defendant may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations;

c. All firearms or ammunition involved or used in such violations; and

d.  If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

1. $6,178 in US currency seized on or about July 18, 2021 during the investigation;

2. a Kimber 1911, model Ultra Raptor, .45 caliber semi-automatic pistol seized on or about December 22, 2021 during the investigation.

A TRUE BILL:

_____
FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

_____
CHRISTOPHER S. HESS
ASSISTANT UNITED STATES ATTORNEY